IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Shamari Takeesha Byrd, | ) | Case No. 6:21-cv-03435-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sharonview Federal Credit Union, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Amended Complaint alleging violations of the Truth in Lending Act and the Fair Debt Collections Practices Act.  ECF No. 18.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On December 27, 2021, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice and without issuance of service of process.  ECF No. 22.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and adopts the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice and without issuance of service of process.[1]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 2, 2022
Spartanburg, South Carolina

---

[1] As the Magistrate Judge has previously afforded Plaintiff an opportunity to amend the Complaint, Plaintiff availed himself of the opportunity, and Plaintiff failed to cure the identified deficiencies, the Court declines to provide an additional opportunity to amend. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order" (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015), *abrogated in part by Bing v. Bravo Sys., LLC*, 959 F.3d 605, 614–15 (4th Cir. 2020))).